**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

March 2, 2020

Writer's Direct Contact
+1 (212) 468.8166
gesposito@mofo.com

<u>Via ECF</u>

The Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:  *Cammarata et al. v. Northrop Grumman Corporation et al.*,
No. 2:20-cv-00511 (GRB) (ARL)

Dear Judge Brown:

We write on behalf of defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively, "Northrop Grumman"). Pursuant to Rule II(e) of the Court's Individual Motion Practices and Rules, we respectfully request a pre-motion conference to discuss a motion by Northrop Grumman to dismiss or to stay the Complaint as duplicative of the putative class action already pending in this Court, captioned *Romano v. Northrop Grumman*, 2:16-cv-5760 (GRB) (ARL). A notice of relatedness for this case was filed in *Romano* on January 30, 2020. (2:16-cv-5760 (GRB) (ARL), ECF No. 101.)

The Plaintiffs in the above-referenced action appear to be members of the putative classes in *Romano* and assert the same claims being pursued on a class-wide basis in that case. Plaintiffs' counsel in this matter—who also represent the *Romano* Plaintiffs—have stated that the putative *Romano* classes include residents or former residents of Bethpage alleging personal injuries and property damage resulting from supposed contamination of their properties. (*See* Feb. 4, 2019 *Romano* Hearing Tr. at 52:12–14 (attached as Ex. A) ("We are absolutely seeking relief on behalf of not just property owners but residents of Bethpage, whether they're currently living there or past") and at 48:6–13 (stating, "Yes, Your Honor" in response to Court's question as to whether the *Romano* Plaintiffs were seeking certification for a class asserting personal injury claims in addition to claims for property damage).) Those putative classes would include the *Cammarata* plaintiffs. The case law is clear that the *Cammarata* Plaintiffs' claims should therefore be dismissed because they duplicate the *Romano* class claims. *See, e.g.*, *Lopez v. Ferguson*, 361 Fed. App'x 225, 226 (2d Cir. 2010) (affirming dismissal of a subsequent, individual action as duplicative of a pending class action as to which plaintiff fell within the class); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."); *Grimes-Jenkins v.*

ny-1841582

MORRISON | FOERSTER

March 2, 2020
Page Two

*Consol. Edison Co. of New York, Inc.*, No. 18-civ-1545-AT-RWL, 2019 WL 1507938, at *4 (S.D.N.Y. Apr. 5, 2019) (dismissing second duplicative suit that largely copied from an earlier filed case, even where one of the cases named an additional defendant, citing *Lopez* and *Curtis*).[1]

Finally, we note that on February 10, 2020, *Romano* and three additional individual actions filed by the same counsel, who also represent plaintiffs in this action, were referred to Magistrate Judge Arlene Lindsay for consolidation of discovery schedules.[2] (Order Referring Case, 2:16-cv-5760 (GRB) (ARL).) Accordingly, in the alternative, Northrop Grumman requests that the above-captioned case be referred to Magistrate Lindsay to be included in any forthcoming consolidated discovery order.

Respectfully submitted,

  /s/ *Grant J. Esposito*

Grant J. Esposito

cc:   All counsel of record (via ECF)

---

[1] To the extent that courts decline to dismiss cases that overlap with a pending class action, the duplicative action is typically stayed pending resolution of class certification issues. *See, e.g.*, *Richard K. v. United Behavioral Health*, No. 18-cv-6318-GHW-BCM, 2019 WL 3083019, at *7 (S.D.N.Y. June 28, 2019), *report and recommendation adopted*, No. 1:18-cv-6318-GHW, 2019 WL 3080849 (S.D.N.Y. July 15, 2019) (staying case "where, as here, the claims made in an individual lawsuit overlap with the claims being pursued by a [] class of which the individual plaintiff is a member"); *Finn v. Barney*, No. 08 Civ. 2975 (LTS)(KNF), 2008 WL 5215699, at *3 (S.D.N.Y. Dec. 8, 2008) (staying action brought by an individual who was covered by a proposed class in a pending case).

[2] These three additional actions, *Ackerman v. Northrop Grumman*, No. 2:18-cv-04397-GRB-ARL, *Ackerson v. Northrop Grumman*, No. 2:19-cv-00942-GRB-ARL, and *Ball v. Northrop Grumman*, No. 2:19-cv-04381-GRB-ARL, also include members of the *Romano* putative classes. As Northrop Grumman has asserted in its pre-motion letters seeking to dismiss those actions, they similarly duplicate *Romano*.