# Exhibit A

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK

------------------------------X  Docket#
ROMANO, et al.,               :  16-cv-05760-DRH-ARL
              Plaintiffs,     :
     - versus -               :  U.S. Courthouse
                              :  Central Islip, New York
                              :
NORTHROP GRUMMAN CORPORATION, :
     et al.,                  :  February 4, 2019
              Defendants      :
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR DISCOVERY CONFERENCE
BEFORE THE HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**

| | |
|---|---|
| **For the Plaintiff**: | **Lilia Factor, Esq.**<br>Napli Shkolnik PLLC<br>400 Broadhollow Road<br>Suite 305<br>Melville, NY 11747 |
| **For Defendants**<br>**Northrop Grumman**: | **Jessica Kaufman, Esq.**<br>**Katie Louise Viggiani, Esq.**<br>Morrison & Foerster<br>250 West 55th Street<br>New York, NY 10019 |
| **For Defendant**<br>**Town of Oyster Bay**: | **Peter F. Tamigi, Esq.**<br>Milber Makris Plousadis &<br>Seiden, LLP<br>1000 Woodbury Rd, Suite 402<br>Woodbury, NY 11797 |
| **Transcription Service**: | **Transcriptions Plus II, Inc.**<br>61 Beatrice Avenue<br>West Islip, New York 11795<br>laferrara44@gmail.com |

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

                                                                46
                           Proceedings

1    has involved both the park and the Grumman facility.
2           THE COURT:  You're missing my point.  I am
3    trying to define the terms.  The terms are what site and
4    what's offsite.  I'm just trying to get everybody on the
5    same page as to definitions since you say that's what
6    part of the site is a public park.  I don't want that as
7    part of the definition.  Offsite will include the area
8    that's been designated a public park and everything off
9    the Grumman property itself, okay?  Let's stay on the
10   same page with respect to definitions.
11          MS. FACTOR:  Okay.  Then we'll have to -- our
12   understanding between the parties has been to include the
13   park as part of the site in responding and in making
14   discovery demands, so we can -- we would have to readjust
15   that.
16          But I just want to clarify --
17          THE COURT:  Is that -- I mean I said this makes
18   more sense to me but if you folks want to have a
19   different definition, I will go with your definition.
20          MS. KAUFMAN:  So I think this is the issue,
21   your Honor.  The class definitions in this case are
22   around property damage, property owners in Bethpage, not
23   everyone who ever used the park.  That's not even what
24   their class is built around.  Their class is of property
25   owners in Bethpage.  So --

                                                                47
                        Proceedings

1           THE COURT:  So there people -- I know there are
2    two classes.
3           MS. FACTOR:  No, that's incorrect.
4           THE COURT:  How is that separate --
5           MS. FACTOR:  I'm sorry.
6           THE COURT:  Please let me finish with one
7    lawyer before you blurt out that's not correct.  Just one
8    at a time and that would make this go faster.  So give me
9    the -- I know there's the allegation with respect to
10   property damage.  There is also allegations with respect
11   to personal injury.  Those are the two categories that I
12   saw in the complaint.
13          MS. KAUFMAN:  So, your Honor, plaintiffs have
14   represented and I am not sure if this is in the papers
15   but very clearly throughout our negotiations on this that
16   they are not seeking to certify a class of personal
17   injury claimants.  They are seeking to certify --
18          THE COURT:  Is that correct?
19          MS. KAUFMAN:  -- a class for property damage
20   and medical monitoring from exposure on the property.
21          MS. FACTOR:  We have a class action which
22   includes previous -- current or previous owners of the
23   residential property -- I am reading from the complaint
24   -- located in  Bethpage and/or individuals who used and
25   visited the Bethpage community park.

48
Proceedings

1  In other words, we have current residents,
2 prior residents, property owners, property renters, and
3 people who used and visited the park.  So it's a --
4           THE COURT:  Are you seeking a --
5           MS. FACTOR:  These are --
6           THE COURT:  Are you seeking certification of a
7 class of both property damage and in addition, personal
8 injury?
9           MS. FACTOR:  Yes, your Honor.  We are seeking
10 -- and we're seeking for people who were exposed also and
11 may not have a specific personal injury but were exposed
12 and may develop certain conditions in the future because
13 of their exposure.
14           And so, that we're also seeking medical --
15           THE COURT:  Were they also --
16           MS. FACTOR:  -- monitoring.
17           THE COURT:  -- are they all property owners?
18           MS. FACTOR:  No.
19           THE COURT:  Adjacent property owners?
20           MS. FACTOR:  No, some of them were --
21           THE COURT:  So who would be the other people.
22           MS. FACTOR:  -- did not own -- some of them
23 were just residents and did own the property where they
24 resided but they're all --
25           THE COURT:  Okay, residents --

49
Proceedings

1        MS. FACTOR:  -- within the area near the site
2   in the vicinity of the toxic plumes.
3        THE COURT:  Well, I am trying to be more
4   specific.  You can't just say everybody who is in the
5   site.  I am trying to identify who that is.
6        MS. FACTOR:  Yes.
7        THE COURT:  You're talking about property
8   owners and/or residents.  Residents by virtue of renting,
9   is that it?
10       MS. FACTOR:  Yes, they could have rented or
11  they could have been family members of the property
12  owners who just lived there because -- or grew up there.
13       THE COURT:  But who lived there for some period
14  of time.  Right?
15       MS. FACTOR:  That's correct.
16       THE COURT:  Okay.
17       MS. FACTOR:  So former and current residents
18  within the area covered by the plume.
19       THE COURT:  Okay.  And the area covered by the
20  plume includes the public park area but there are no
21  houses in the public park, right?
22       MS. FACTOR:  No, but --
23       MS. KAUFMAN:  Yeah, it's a different issue.
24       MS. FACTOR:  That's right but some of these
25  people -- many of these people because by virtue of their

50

Proceedings

1 being residents and living there, they used the park.
2 The park had ballfields. People -- all the kids who went
3 to school there used the ballfields. The park had
4 recreation areas, an ice rink, park picnic benches. Many
5 of our clients that we've interviewed used the park on a
6 regular basis. So, yes, that is why we --
7         THE COURT: Okay, but they used it because they
8 were residents, right?
9         MS. FACTOR: That's right.
10         THE COURT: Okay. And what is it that you say
11 is not included?
12         MS. KAUFMAN: Well, first I do --
13         THE COURT: I am sort of lost here. I have no
14 idea now who the class is.
15         MS. KAUFMAN: -- want to say that the position
16 that plaintiffs' counsel is taking is directly 180
17 degrees from documented conversations we had very early
18 in this process stating that they were not seeking to
19 certify a class of personal injury claimants but if that
20 has changed, then we, I suppose now know that they are.
21         But the reason this is a class of residents is
22 because plaintiffs are seeking to certify a class of
23 people who were injured on their properties, that's what
24 the class definitions say and I think the town may have
25 something to say about this too and I will leave that to

51

Proceedings

1 him but plaintiffs are alleging that is why they've
2 brought a separate group of individual plaintiffs who are
3 not part of any of this discussion yet, 14 more people in
4 this case plus 59 in the or 60-some-odd in the Ackerman
5 (ph.) filing, and then another case, Ackerson (ph.),
6 which was filed just last month by the same counsel on
7 behalf of other people who may not have been proper --
8 many of them former residents who at one time residents
9 in Bethpage but don't have a property claim.
10 So we don't -- the idea that sure, I mean I
11 think our position is that Bethpage Community Park in the
12 way that it's alleged in the complaint, could be
13 considered onsite because it was once part of the NWIRP
14 facility that we're talking about.
15 But for the purpose of class discovery, the
16 fact that someone went to Bethpage Community Park at one
17 time is totally irrelevant to the class claims that
18 appear to be asserted on the face of the complaint and if
19 there's some amendment that plaintiffs need to make in
20 order to make that clear, then fine but it's not -- it
21 doesn't appear to go to who is actually in the classes as
22 they have defined them in their complaint.
23 THE COURT: All right. Let me --
24 MS. FACTOR: Well, may I just refer -- I can
25 refer the defendants and the Court to our complaint which

                                                                    52
                              Proceedings

1   states who the class -- the proposed classes are; all
2   residents of Bethpage who have been exposed, then all
3   owners of real property Bethpage for damages for property
4   value, all owners for remediation of property, all owners
5   of property in Bethpage for future costs.
6              So it includes all residents of Bethpage, not
7   necessarily property owners who have been exposed and --
8              MS. KAUFMAN:  But all -- sorry.
9              MS. FACTOR:  Let me just finish please.
10             MS. KAUFMAN:  I'm sorry.  I'm sorry, counsel.
11             MS. FACTOR:  I'm trying to clarify defendants'
12  confusion.  We are absolutely seeking relief on behalf of
13  not just property owners but residents of Bethpage,
14  whether they're currently living there or past.
15             And the complaints that we have filed in
16  addition or for additional people is because additional
17  people who have come forward who were exposed, either as
18  current residents or as former residents, either as
19  property owners or not.
20             THE COURT:  So you brought another class action
21  for the residents.
22             MS. FACTOR:  We have --
23             THE COURT:  Is that right?
24             MS. FACTOR:  No.  No, your Honor.
25             THE COURT:  Isn't that what I just heard you

```
                                                                 53
                            Proceedings
 1   say?
 2              MS. FACTOR:  No.  No.  We have this class
 3   action.  We have this class action which seeks to cover
 4   everyone in the classes that I just --
 5              THE COURT:  In the whole town of Bethpage?
 6              MS. FACTOR:  Not if they're outside the plume,
 7   only if they were within the area affected by the plume
 8   at --
 9              THE COURT:  So what would be a resident within
10   the plume?
11              MS. FACTOR:  Well, the plume at different times
12   extended to certain -- there was a scope, a geographic
13   scope.  It's not exact but it's estimated.
14              THE COURT:  I'm either a property owner within
15   the plume or I am store operator within the plume.
16              MS. FACTOR:  Or a resident.
17              THE COURT:  Well, what does a resident mean to
18   you?
19              MS. FACTOR:  Somebody who is currently
20   living --
21              THE COURT:  Who lived in one of those houses
22   or --
23              MS. FACTOR:  Yes.
24              THE COURT:  -- or worked in one of those
25   stores.
```

```
                                                                54
                            Proceedings
 1              MS. FACTOR:  No.
 2              MR. TAMIGI:  Your Honor?
 3              MS. FACTOR:  That -- a resident is somebody who
 4  lived there or lives there currently and doesn't
 5  necessarily have a deed to the property.  They may be a
 6  renter or a family member.
 7              THE COURT:  Okay, but it's defined --
 8              MS. FACTOR:  Yes.
 9              THE COURT:  -- by some presence in a -- on a
10  property within the plume, correct?
11              MS. FACTOR:  That's correct, yes.
12              THE COURT:  Some continued presence.
13              MS. FACTOR:  No, they may have been -- they may
14  have moved out of the area by now, yes.
15              THE COURT:  Oh, please, come on.  You know --
16              MS. FACTOR:  It could be former residents
17  because --
18              THE COURT:  I have just tried -- I am not
19  litigating the case with you.  I am just trying -- I
20  can't even imagine it's taking this long to identify who
21  it is that you think should be in the class.
22              MS. FACTOR:  Your Honor, it's --
23              THE COURT:  I'm okay with if somebody lived
24  there or used property there for some period of time such
25  that they were -- you know, having stayed there more than
```